UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-11-DLB

JAMES ERNEST GANDY, JR.                                                              PLAINTIFF

v.                         **MEMORANDUM OPINION AND ORDER**

DAVID LEMASTER, et al.                                                               DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Following service of process the defendants – Warden David LeMaster, Health Services Administrator Randa Moorman, and Physician's Assistant Terri Boyd – move to dismiss the civil rights complaint filed by federal inmate James Gandy. (Doc. # 21). The defendants argue that Gandy's claims regarding his medical care, asserted under the doctrine announced in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), are not cognizable under *Bivens* in light of the Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022). See (Doc. # 21-1 at 2-14). They further contend that Gandy's claims are plainly barred by the statute of limitations. See (Doc. # 21-1 at 14-17). Gandy has filed a response to the defendants' motion. (Doc. # 24). Gandy has also filed a motion to amend his complaint for the third time. (Doc # 23).

Both motions are now fully briefed and ripe for decision. See (Doc. # 25-28). As explained below, the defendants are correct that Gandy's claims under *Bivens* are time barred; therefore, the Court will dismiss Gandy's claims on that ground and deny his motion to amend his complaint as futile. The Court does not reach the defendants' alternative ground for dismissal.

1

**I.**

In his amended complaint, Gandy indicates that on December 28, 2020, he surrendered to the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), to begin service of his sentence. (Doc. # 10 at 4). Gandy expressly alleges that "no medical treatment was provided to the Plaintiff for his serious medical condition as a post bariatric surgery patient from December 28, 2020 until May 17, 2022." (Doc. # 10 at 1); *see also Id*. at 2, 4. Gandy provides no clear statement in his amended complaint as to what care was omitted. However, in his original complaint Gandy asserted that because of his prior bariatric surgery he is medically required to receive supplements for certain vitamins, specifically Vitamin B-12, iron, and calcium carbonate. *See* (Doc. # 1-1 at 4-8). Gandy alleges that he was told in August 2021 that he must purchase "vitamins ... for his medical condition" from the commissary. (Doc. # 10 at 4). He contends that the defendants did not provide the required vitamin supplementation ddirected by applicable clinical guidelines "from at least December 28, 2020 - May 17, 2022." (Doc. # 10 at 5). Gandy states that he did not receive pertinent medical treatment until May 2022. *Id*. According to Gandy this omission was intentional: "Defendants knew or had reason to know that the Plaintiff was required to take a complete course of treatment for his medical condition and did not treat this condition over a 18 month period at all." (Doc. # 10 at 1, 6).

Gandy separately alleges that in the latter half of 2021 "a medical appointment for a cardiologist was canceled due to 'staffing issues' on that day of the appointment." (Doc. # 10 at 5). He further complains that medical records stated inaccurately that he is diabetic, and that several EKG readings "were uncalibrated with wrong time and date

stamps." (Doc. # 10 at 4-5).[1] Gandy filed his complaint on January 27, 2023, seeking declaratory and injunctive relief as well as damages for the defendants' asserted deliberate indifference to his medical needs.[2]

## II.

The defendants move to dismiss Gandy's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* (Doc. # 21).  In their second basis for relief, the defendants assert that Gandy's claims are barred by the statute of limitations.  *See* (Doc. # 21-1 at 14-17).  A motion to dismiss ordinarily tests the sufficiency of the plaintiff's complaint.  *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014).  Because the statute of limitations is an affirmative defense to be pleaded and proved by the defendants, a motion under Rule 12(b)(6) "is generally an inappropriate vehicle" to dismiss a claim as time barred, *Cataldo v. U.S. Steel Corp*, 676 F.3d 542, 547 (6th Cir. 2012), "because a plaintiff is not obligated to plead around an affirmative defense to state a claim." *Mingo v. Fed Cmty.*, 484 F. Supp. 3d 506, 509 (E.D. Mich. 2020) (*citing Cataldo*).

However, "sometimes the allegations in the complaint affirmatively show that the claim is time-barred.  When that is the case, as it is here, dismissing the claim under Rule

---

[1] Gandy alleges new facts in his response to the defendants' motion to dismiss and in an accompanying affidavit.  *See* (Doc. # 24, # 24-1).  The Court does not consider these allegations because "plaintiffs cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).

[2] This is the day Gandy signed his complaint.  *See* (Doc. # 1 at 8).  Because he was incarcerated at that point, his complaint is deemed filed on that day.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

3

12(b)(6) is appropriate." *Cataldo*, 676 F.3d at 547. *See also Jones v. Bock*, 549 U.S. 199, 215 ("If the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

For constitutional torts asserted under *Bivens* and arising out of events occurring in Kentucky, the statute of limitations is one year. *See Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017) ("Bivens claims, like § 1983 claims, ordinarily borrow the personal-injury statute of limitations from the state in which the claim arose."); Ky. Rev. Stat. § 413.140(1)(a) (stating that personal-injury actions in Kentucky have a one-year statute of limitations). Federal principles govern when a claim under Section 1983 or *Bivens* accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). A claim accrues on the date when the plaintiff should have discovered the injury which forms the basis for his claims through the exercise of reasonable diligence. *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015); *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.").

Here, Gandy alleges that he was not given proper nutritional supplements from the moment he arrived at FCI-Ashland on December 28, 2020. (Doc. # 10 at 1). In his response, Gandy attempts to minimize the relevance of his earlier allegations, contending that he was not aware that his vitamin supplementation was insufficient until October 29, 2021. *See* (Doc. # 24 at 1). But accrual is not deferred until the plaintiff knows the full extent of his injuries, or until he is formally diagnosed with a medical condition resulting from the underlying conduct. *Cf. Hawkins v. Spitters*, 79 F. App'x 168, 169 (6th Cir. 2003)

4

(Eighth Amendment claims accrued when requests for sleep evaluation were denied, not years later when plaintiff was actually diagnosed with sleep apnea); *Hermansen v. Schickel*, 202 F.3d 268 (Table), 1999 WL 1282438, at *1 (6th Cir. Dec. 27, 1999) (prisoner's deliberate indifference claim "accrued on the date he was denied medical care ... even though the full extent of his injury was not known until later."); *Frasure v. Shelby Cty. Sheriff's Dep't*, 4 F. App'x 249, 250 (6th Cir. 2001) ("A cause of action generally accrues when the plaintiff has reason to know of his injury or at the time of the defendants' action, and not when the consequences become most painful.") (cleaned up).

In any event, Gandy's recent assertion that he was unconcerned about his medical care until late 2021 is contained in his response, not in the operative pleading, and contradicts numerous earlier allegations he made in this and other cases. For example, on April 19, 2021, Gandy filed a motion requesting that the criminal trial court reconsider its prior denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c). In that motion, Gandy complained at length regarding the ways he found the health care provided at FCI-Ashland to be insufficient. Most relevant here, among his complaints Gandy stated expressly that he "has yet to be seen by a specialist which is required for post gastric bypass patients *and has not been given all the required protein and vitamins which are required to remain healthy after surgery*." *United States v. Gandy*, No. 1:20-CR-40-CCE-1 (M.D.N.C. 2020) (Doc. # 69 therein at 5 (emphasis added)).[3]

---

[3] A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites."). The Court may consider such information when determining whether a claim must be dismissed for failure to state a claim under Rule

5

Further, in a case he filed under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, involving the same facts, Gandy specifically alleged in his complaint that:

> 5. December 28, 2020, Plaintiff made medical staff aware of his medical history, specifically his history of a Gastric Bypass.
>
> 6. January 19, 2020 (*sic*), Plaintiff discussed with his medical provider his medical history and specifically requested a protein shake, vitamins, minerals and supplemental meals as he had been advised to take for the remainder of his life post-Barriatric surgery.
>
> 7. January 21, 2021, Plaintiff again discussed the need for minerals and vitamins with his provider who then acknowledged that she knew the Federal BOP Clinical Guidelines for Post Barriatric care *but expressed that she would not provide these minerals or vitamins until labs showed the need for them.*
>
> ...
>
> 11. June, 2021, Plaintiff wrote to his senator *concerning the refusal of vitamins and concern over medical treatment*.

*Gandy v. United States*, No. 0:22-91-DLB (E.D. Ky. 2022) (Doc. # 1 therein at 2) (emphasis added). And medical records submitted by Gandy establish that he had been diagnosed with a Vitamin D deficiency by May 19, 2021. (Doc. # 34-1 therein at 9). The foregoing establishes that Gandy's primary claim regarding nutritional supplements had definitively accrued by April 2021. The event giving rise to Gandy's vague claim regarding an EKG reading on an "uncalibrated" machine would have taken place on May 16, 2021, when he "was transported to the hospital for chest pains." (Doc. # 1 therein at 2). And his appointment with a cardiologist was canceled sometime in the second half of 2021. (Doc. # 10 at 5). In sum, all of these events took place more than one year before Gandy

---

12(b)(6) without converting the motion into one for summary judgment under Rule 56. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

filed suit on January 30, 2023. Gandy's complaint is therefore time barred and will be dismissed. *Zappone*, 870 F.3d at 559-60.

## III.

Alongside his response to the defendants' motion to dismiss, Gandy filed a motion requesting leave to amend his complaint yet again. (Doc. # 23). But by his own admission, Gandy has already filed a handful of lawsuits arising out of these same facts. *See* (Doc. # 1-1 at 3-4). He therefore has long been aware of the events and circumstances giving rise to his claims. And Gandy's proposed amended complaint does not add new facts, new defendants, new theories of recovery, or new claims. Instead, it attempts to avoid the inevitable conclusion that his claims accrued no later than April 2021 by minimizing or omitting his earlier factual allegations establishing that fact. For example, Gandy's tendered pleading deletes his prior allegations that "no medical treatment was provided to the Plaintiff for his serious medical condition as a post bariatric surgery patient from December 28, 2020 until May 17, 2022" and that the defendants "did not treat this condition over a 18 month period at all." *See* (Doc. # 10 at 1); *see also Id*. at 2, 4-7. In lieu thereof, Gandy focuses his factual allegations on the roughly one year period before the filing of his complaint. *See* (Doc. # 23 at 3-4).

While it is proper to amend a complaint to address pleading or technical deficiencies in the original, a trial court may strike or disregard new factual allegations made "as a transparent attempt to conform the facts to the requirements of the cause of action." *Bradley v. Chiron Corp.*, 136 F. 3d 1317, 1324-26 (Fed. Cir. 1998). *See also Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171-72 (D.D.C. 2013) (holding that a complaint may not be amended to plead facts that contradict those in the original complaint);

7

*Wallace v. New York City Dep't of Corr.*, No. 95-CV4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) (holding that where a "plaintiff blatantly changes his statement of the facts in order to respond to the defendants' motion to dismiss and directly contradicts the facts set forth in his original complaint," a court is authorized to "accept the facts as described in the original complaint as true.") (cleaned up).  And Gandy's strategic omissions do not alter the accrual date for his claims as established by his allegations and tendered documentation in his original complaint and in prior lawsuits.  Permission to amend a complaint is generally "freely given," but not if the proposed amendment would be futile, as where the tendered amended complaint is subject to dismissal.  *Cf. Chunn v. Se. Logistics, Inc.*, 794 F. App'x 475, 479 (6th Cir. 2019) ("A court may deny a motion to amend if it concludes that the pleading as amended could not withstand a motion to dismiss.  In this instance, the district court correctly concluded that Chunn's amendment would be futile, because his proposed new complaint suffered from the same flaw as his earlier one. It was time-barred.") (cleaned up).  The Court will therefore deny Gandy leave to amend his complaint another time.

### IV.

Accordingly, it is **ORDERED** as follows:

(1)     Gandy's Motion to Amend Complaint (Doc. # 23) is **DENIED**.

(2)     Defendants' Motion to Dismiss (Doc. # 21) is **GRANTED.**

(3)     Plaintiff James Gandy's Amended Complaint (Doc. # 10) is **DISMISSED** with prejudice.

(4)     This matter is **STRICKEN** from the docket.

This 13th day of September, 2023.



L:\DATA\ORDERS\PSO Orders\Gandy 0-23-11 Memorandum.docx